IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEDRICK L. WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-356-MHT |
| | ) | [WO] |
| EUGENE REESE MCKINNEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama, files this 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged due to the conduct and actions of Defendants regarding his state criminal court proceedings.[1] Named as defendants are Judge McKinney, Officers Mckenzy and Smith with the Montgomery County Detention Facility, Keith Houston and Deonna Leslie-Parker of mental health, and Dr. Purnee of the Taylor Hardin Secure Mental Facility. Plaintiff seeks his release from custody and damages. Upon review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] In accordance with the prior proceedings and orders entered, this case is before the court on the amended complaint filed by Plaintiff on June 20, 2017. Doc. 5.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff asserts that in 2002 Judge McKinney took his plea of not guilty by reason of insanity. Plaintiff maintains he knew nothing of the plea until the next time he was locked up, which caused him and his family stress. Judge McKinney, Plaintiff complains, agreed with things said by the mental health staff or the doctor without listening to his (Plaintiff's) side of the story. Plaintiff also appears to challenge the grounds supporting his pending offense for first degree robbery. Doc. 5.

### A. Judge McKinney

#### 1. Request for Monetary Damages

Plaintiff's allegations against Judge McKinney emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well settled that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward Cty.*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). In light of the foregoing, Plaintiff's claims for monetary damages against Judge McKinney are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

#### 2. Request for Declaratory/Injunctive Relief from State Court Action

##### a. Non-Final Orders

To the extent Plaintiff seeks relief from adverse decisions issued by a state court not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a

serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

### b. Final Orders

Regarding claims presented by Plaintiff challenging the constitutionality of orders issued by any state court which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§

1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Plaintiff's request for injunctive and/or declaratory relief regarding actions undertaken by Judge McKinney during matters related to Plaintiff's state court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[3] *See Clark v. State of G. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

**B. The Remaining Defendants**

In addition to Judge McKinney, Plaintiff also names as defendants two jailers at the Montgomery County Detention Facility, a physician at the Taylor Hardin Secure Mental Facility, and two mental health workers. A review of the amended complaint, however, fails to reflect that Plaintiff makes any specific allegations against these individuals.

"[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). This Circuit has held that a court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that associate the defendants with the

---

[3] Additionally, a decision by this court could substantially interfere with, and potentially undermine, the results reached in the state court proceeding. Federal courts in this situation often stay the federal proceeding until the criminal case has ended. *See Wallace v. Kato*, 549 U.S. 384, 393–94; (2007); *Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"); *see also Younger v. Harris*, 401 U.S. 37 (1971) (holding that absent a "great and immediate" danger of irreparable harm, federal courts may not grant injunctive relief where the result would undermine or unduly interfere with a concurrent state court proceeding); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (ordering district court pursuant to *Younger* to abstain from resolving merits of petitioner's claims until state conviction reviewed by Georgia Court of Appeals). A stay, however, is not appropriate in this case.

alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam). Here, Plaintiff identifies no affirmative action taken by Defendants Mckenzy, Houston, Leslie-Parker, Purnee, or Smith, and thus, asserts no connection between the conduct complained of and the actions of these defendant regarding any alleged unconstitutional deprivations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, Plaintiff's complaint against these defendants is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims against Defendant McKinney be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i & iii);

2. The § 1983 claims against Defendants McKenzy, Houston, Leslie-Parker, Purnee, and Smith be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. This complaint be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i–iii).

It is further

ORDERED that **on or before August 22, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 8th day of August 2017.

    /s/    Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE